DEXTER A. SMITH *vs.* CHARLES BETCHER and another.

November 4, 1885.

**Striking out Answer as Sham — Affidavits in Support of Answer.—**
Where affidavits used in defendants' behalf, on a motion to strike out an
answer as sham, fairly support the answer, and negative the charge of
bad faith on their part, the motion should be denied.

Plaintiff brought this action in the district court for Hennepin
county, as indorsee for value, before maturity, of certain promissory
notes made and delivered by defendants to D. M. Osborne & Co.
Defendants interposed an answer, denying upon information and be-
lief that the notes were ever indorsed to plaintiff, alleging that they
are still the property of D. M. Osborne & Co., and setting up a
counterclaim against the latter. Plaintiff, upon affidavits, moved to
strike out the answer as sham, and for judgment. On this motion
affidavits were presented by defendants in support of their answer.
Plaintiff's motion having been granted by *Young,* J., the defendants
appeal from the judgment so entered.

*Woods & Hahn,* for appellants.

*G. D. Emery,* for respondent.

VANDERBURGH, J. We think the answer in this case is so far sup-
ported by the affidavit in behalf of the defendants that the motion to
strike it out as sham should have been denied. The evidence shows
that the original payees, Osborne & Co., were interested in the col-
lection of the notes sued on long after the time of the alleged in-
dorsement thereof to plaintiff, and were conducting negotiations with
defendants for their payment nearly up to the time of the commence-
ment of the suit. It is true that it appears by affidavit in plaintiff's
behalf that the notes were indorsed to plaintiff before maturity, and
one of the witnesses states that he called the attention of the defend-
ant Brown to the fact that the notes were indorsed to plaintiff, and
exhibited them to him. Brown, however, swears that the notes were
not shown to him, and that he had never seen them since they were
given; that he had never heard of plaintiff till October 18, 1884,

shortly before suit was brought; that he had never heard, or had notice in any manner, of any transfer of the notes till October 4th, nor of the transfer to plaintiff till October 18th, the information being in each case derived solely from letters from Osborne & Co., or their attorneys, they appearing still to have the notes in their possession, and interested in securing their collection. The defendant Betcher had still less knowledge on the subject. It was not clear, therefore, that the answer, which denied any knowledge or information sufficient to form a belief as to the indorsement and transfer of the notes to plaintiff, and set up a counterclaim against Osborne & Co., was sham, and interposed in bad faith. *Wright* v. *Jewell*, 33 Minn. 505.

. Judgment reversed, and cause remanded for further proceedings.